**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1627-19

S. JAY MIRMANESH AND
LISA ANN MIRMANESH,
individually and derivatively
for WATERVIEW ESTATES
CONDOMINIUM
ASSOCIATION, INC.,

      Plaintiffs-Appellants,

v.

STEVEN and DAWN BRASSLETT,
RALPH and CHERYL CALIRI,
MARION MACKINNON, and
WILLIAM AND LOIS MAGUIRE,

      Defendants-Respondents,

_____

        Argued February 23, 2021 – Decided March 16, 2021

        Before Judges Yannotti and Natali.

        On appeal from the Superior Court of New Jersey, Chancery Division, Cape May County, Docket No. C-000005-12.

Steven E. Angstreich argued the cause for appellants (Weir & Partners LLP, attorneys; Steven E. Angstreich and Peter Nakonechni, on the briefs).

Kathleen Barnett Einhorn argued the cause for respondents (Genova Burns LLC, attorneys; Angelo J. Genova and Kathleen Barnett Einhorn, of counsel and on the brief; Michael C. McQueeny on the brief).

PER CURIAM

This appeal returns to us following a remand ordered by our previous opinion, Mirmanesh v. Brasslett, No. A-5680-16 (App. Div. May 9, 2019), where we directed the trial court to make additional findings as to whether plaintiffs were entitled to recover the attorneys' fees incurred by the law firm of Greenbaum, Rowe, Smith & Davis (Greenbaum). Having reviewed and considered the trial court's December 3, 2019 opinion, we affirm.

I.

We incorporate by reference the factual and procedural history as set forth in our prior opinion. By way of brief overview, the Waterview Estates Condominium Association (Association) is a non-profit corporation which operates a five-unit condominium complex in Ocean City. On January 18, 2012, plaintiffs filed a complaint against defendants, all unit owners, and members of the Association, seeking to enforce a May 15, 2006 settlement agreement.

2

Following a bench trial, the court issued a November 6, 2013 oral decision finding both parties violated provisions of the settlement agreement. The judge also denied both parties' requests for counsel fees and indemnification because "each side . . . contributed to the conflagration of the issues," and there was "a little bit of bad faith on each side." The court memorialized its decision in a January 6, 2014 order (Final Judgment) which also appointed Michael A. Fusco (Receiver) as receiver for the Association. Plaintiffs filed an appeal after their motion for reconsideration was denied.

On August 18, 2014, while plaintiffs' appeal was pending, the trial court entered an order in response to the Receiver's motion which granted him authority to amend the Master Deed and By-Laws. Plaintiffs amended their notice of appeal to include the August 18, 2014 order. On June 23, 2015, we vacated the August 18, 2014 order and remanded the matter for further proceedings after we determined the court erred in refusing to enforce certain provisions of the settlement agreement.

Plaintiffs filed a motion for attorneys' fees and costs incurred during their appeal. We granted plaintiffs' application and awarded $72,557.22 in counsel fees to be paid by the Association.

3

On remand, plaintiffs moved to terminate the Receiver's appointment claiming he had a "predisposition to advance the interests of the defendants at the expense of the plaintiffs." Plaintiffs also sought an order directing the Association to adopt and record an amended Master Deed and By-Laws that plaintiffs alleged comported with our June 23, 2015 decision. Plaintiffs further requested relief from certain provisions of the January 6, 2014 and August 18, 2014 orders.

On December 28, 2015, the Receiver submitted a report for the "[c]ourt's consideration [regarding] the pending motions" which detailed his interactions with the parties. In that letter, the Receiver stated, "it was obvious . . . that Dr. Mirmanesh[1] would continue to legally challenge virtually any proposed new document not to his liking irrespective of what the majority of the owners would elect." The Receiver further noted that in dealing with Dr. Mirmanesh he learned that "unless what is proposed is agreeable to Dr. Mirmanesh, he will either ignore the proposal or legally challenge the same" and that compromise "is not a word Dr. Mirmanesh embraces."

---

[1] The Receiver referred to plaintiff S. Jay Mirmanesh by his professional designation and we do the same for purposes of clarity.

On August 31, 2016, the trial court granted plaintiffs' motion, terminated the Receiver's appointment, and entered an order approving the amended Master Deed and By-Laws. On November 30, 2016, plaintiffs submitted an amended supplemental complaint against the Receiver and a motion for $303,066.79 in attorneys' fees and costs. Plaintiffs' request included $152,777.79 in fees incurred by the firm of Perskie, Mairone, Brog & Baylinson (Perskie), which represented plaintiffs during the trial proceedings from January 2012 to January 2014, and $150,289 in fees incurred by Greenbaum, which was retained in May 2014 and represented plaintiffs in the post-trial matters until January 2017.

On May 19, 2017, the court denied plaintiffs' request for attorneys' fees. In support of its decision, the court relied upon the previous judge's determination that both parties acted in bad faith. The court also concluded that an award of attorneys' fees would effectively overturn the previous judge's factual and legal conclusions. The court further noted that plaintiffs failed to appeal the portion of the Final Judgment denying the award of attorneys' fees and therefore waived any challenge to the court's decision on that issue. In addition, the judge determined that plaintiffs' claims were barred by res judicata.

A-1627-19

Plaintiffs appealed, and in our May 9, 2019 unpublished decision, we affirmed in part and reversed in part the court's denial of attorneys' fees. Id. at 7-8. We first addressed the Perskie fees and concluded that:

> The [trial] court did not abuse its discretion in denying plaintiffs' motion, as the court's January 6, 2014 decision denying those fees was amply supported by the record, and plaintiffs waived any request for those fees as a result of their failure to raise that issue when it appealed the court's January 6, 2014 order.
>
> [Id. at 6.]

With respect to the Greenbaum fees, however, we concluded that we were "unable to make a substantive determination as to whether plaintiffs may recover the Greenbaum fees, as the trial court failed to make the necessary factual findings with respect to that portion of plaintiffs' application." Id. at 7. We stated that:

> [T]he [trial] court's May 19, 2017 decision detailed three bases for denying plaintiffs' fee request: 1) the trial court found that the parties acted in bad faith; 2) plaintiffs failed to challenge the denial of the attorney's fees in its appeal from the January 6, 2014 order; and 3) the doctrine of res judicata barred plaintiffs' claims for attorney's fees.
>
> With respect to the first basis, the trial court's bad faith finding related only to the parties' conduct leading to the January 6, 2014 final judgment. The fees incurred by Greenbaum, however, are unrelated to those proceedings. Further, plaintiffs did not waive the right

6

to seek recovery of the post-remand Greenbaum fees, as they were not yet incurred and could not be subject of the January 6, 2014 order. For similar reasons, neither res judicata, nor the law of the case doctrine barred those fees.

[Id. at 7-8.]

We also concluded that "because none of the court's factual and legal conclusions supporting its denial of the Perskie fees apply to the Greenbaum fees, we are unable to conclude, on this record, if there is a legal and factual basis to award plaintiffs these fees, and if they are reasonable." Id. at 8. Accordingly, we remanded the matter for the trial court to make factual findings, consistent with Rule 1:7-4. Ibid.

On remand, plaintiffs argued that they were entitled to the Greenbaum fees under the New Jersey Nonprofit Corporations Act, N.J.S.A. 15A:3-4 and under section 9.02 of the Association By-Laws, which provides:

> Indemnification. Each Trustee, officer or committee member of the Association, shall be indemnified by the Association against the actual amount of net loss including counsel fees, reasonably incurred or imposed upon him in connection with any action, suit or proceeding to which he may be a party by reason of his being or having been a Trustee, officer, or committee member of the association, except as to matters for which he shall be ultimately found in such action to be liable for gross negligence or willful misconduct.

7

On December 3, 2019, Judge Michael J. Blee issued an order and a written decision denying plaintiffs' application for the Greenbaum fees, concluding that plaintiffs were not entitled to those expenses because they acted in bad faith. In support of his finding, Judge Blee "consider[ed] the entirety of the litigation and [did] not simply consider a small segment of the litigation in which it could be argued plaintiffs were a prevailing party."

Judge Blee found that a majority of the work associated with the Greenbaum fees dealt with "issues" pertaining to the Receiver. The judge adopted the Receiver's observations in his December 28, 2015 letter and specifically referenced the Receiver's statement that "compromise is not a word that Dr. Mirmanesh 'embraces'" and that he would "legally challenge virtually any proposed new document not to his liking, irrespective of what the majority of owners would elect."

Judge Blee specifically rejected plaintiffs' argument that the Greenbaum fees were recoverable under Section 9.02 of the Association Bylaws. In support of that determination, Judge Blee referenced ten findings from the Final Judgment where the court determined that plaintiffs acted "wrongfully and willfully." These findings included multiple violations of the condominium documents.

A-1627-19

The judge also concluded that indemnification under Section 9.02 would be contrary to public policy. Relying on <u>Cohen v. Southbridge Park, Inc.</u>, 369 N.J. Super. 156, 160-61 (App. Div. 2004), the judge explained that indemnification provisions are intended:

> [T]o promote the desirable end that corporate officials will resist what they consider unjustified suits and claims, secure in the knowledge that the reasonable expenses will be borne by the corporation they have served if they are vindicated . . . to encourage capable men to serve as corporate directors, secure in the knowledge that expenses incurred by them in upholding their honesty and integrity as directors will be borne by the corporation they serve.

Judge Blee determined that plaintiffs' application of Section 9.02 did not serve the "purpose underlying indemnification." The judge also found that plaintiffs, in part, brought the action in their individual capacity rather than in the capacity of a "trustee, office, or member of the Association" which was contrary to the provisions of Section 9.02.

The judge further emphasized plaintiffs' bad faith conduct during the time they were represented by Greenbaum. The judge again relied on the Receiver's comment that:

> What the Receiver has learned in the two years of Receivership is Dr. Mirmanesh believes in majority rule or compliance with the Receiver's instructions and decisions, so long as he agrees with them. If he does

9

not and they do not fit his agenda, they do not apply to him. So, he either ignores them or claims he is 'bullied' by their existence.

Finally, the judge found that Section 9.02 was supposed to be used as "a shield for unit owners from costs attendant to their mandatory duties as members of the Board of Trustees and not a sword with which one unit owner can use to threaten or coerce another." In light of his decision that plaintiffs were not entitled to fees because they acted in bad faith, the court did not address whether plaintiffs were a prevailing party or whether the Greenbaum fees were reasonable. This appeal followed.

On appeal, plaintiffs contend in their first point that the trial court erred by considering the findings in the Final Judgment and the Receiver's comments regarding the plaintiffs' bad faith as they did not address the period covered by the Greenbaum fees. Plaintiffs also maintain that Judge Blee was prohibited from considering the Receiver's comments pursuant to N.J.S.A. 15A:3-4(h).

Plaintiffs argue in their second point that the trial court erred by finding that granting plaintiffs' request for indemnification under Section 9.02 would be contrary to public policy. Specifically, plaintiffs assert that both Section 9.02 and Section 16 of the Association's Master Deed entitled them to indemnification.

10

In plaintiffs third point, they claim that the trial court erred in failing to consider whether plaintiffs were a prevailing party and that the Greenbaum fees were reasonable. We disagree with all of these arguments and affirm substantially for the reasons expressed by Judge Blee in his December 3, 2019 written decision.

## II.

"Although New Jersey generally disfavors the shifting of attorneys' fees, a prevailing party can recover those fees if they are expressly provided for by statute, court rule, or contract." Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 440 (2001). Rule 4:42-9 allows awards of attorneys' fees in specific situations, including "[i]n all cases where attorney's fees are permitted by statute." R. 4:42-9(a)(8); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 2.10 on R. 4:42-9 (noting that "[a]ttorney's fees may be allowed where the parties have agreed thereto in advance by . . . agreement or contract").

In awarding attorneys' fees, a court should properly consider "[b]ad faith and assertion of an unreasonable position." Diehl v. Diehl, 389 N.J. Super. 443, 455 (App. Div. 2006). Our review of an award of attorneys' fees award is deferential, Packard-Bamberger & Co., 167 N.J. at 444, and "fee determinations by trial courts will be disturbed only on the rarest occasions, and then only

11

because of a clear abuse of discretion." Rendine v. Pantzer, 141 N.J. 292, 317 (1995).

Here, Judge Blee conducted an extensive review of the proceedings before the trial court and determined that plaintiffs acted in bad faith throughout the litigation, including the period when they were represented by Greenbaum. Judge Blee was permitted, after undertaking a thorough and independent review of the record, to rely upon the comments by the Receiver which indicated plaintiffs were unwilling to compromise and refused to negotiate in good faith, and we reject plaintiffs' contention that N.J.S.A. 15A:3-4(h)[2] prohibited the judge from relying on the Receiver's report. Nothing in that statute supports plaintiffs' contention that Judge Blee was precluded from relying on the record from the earlier phases of litigation in concluding that plaintiffs acted in bad

---

[2] N.J.S.A. 15A:3-4(h) provides that "[t]he indemnification and advancement of expenses provided by or granted pursuant to the other subsections of this section shall not exclude any other rights to which a corporate agent may be entitled under a certificate of incorporation, bylaw, agreement, or otherwise; provided that no indemnification shall be made to or on behalf of a corporate agent if a judgment or other final adjudication adverse to the corporate agent establishes that his acts or omissions (1) were in breach of his duty of loyalty to the corporation or its members, (2) were not in good faith or involved a knowing violation of law, or (3) resulted in receipt by the corporate agent of an improper personal benefit."

faith to inform his consideration of plaintiffs' actions during the period they were represented by Greenbaum.

Second, contrary to plaintiffs' assertion, the Receiver's comments discuss the period covered by the Greenbaum fees. Plaintiffs retained Greenbaum for the post-trial matters in May 2014. Notably, the Receiver was appointed in the January 6, 2014 Final Judgment and the comments relied upon by Judge Blee regarded interactions stemming from July 2014. Accordingly, plaintiffs' conduct that the Receiver describes in his December 28, 2015 correspondence occurred during the time they were represented by Greenbaum.[3]

Third, Judge Blee properly determined Section 9.02 did not indemnify plaintiffs for their bad faith conduct. The judge found that Section 9.02 was meant to be used as a shield instead of a sword "with which one unit owner can use to threat or coerce another." Judge Blee also noted that the Final Judgment included ten instances of wrongful and willful conduct which precluded plaintiffs from indemnification under the terms of Section 9.02. Moreover, the court noted that plaintiffs did not bring this action entirely in their capacity as

---

[3] We note that the Receiver's letter was not available for this court to review when we awarded plaintiffs $72,557.22 in attorneys' fees on July 27, 2015.

"trustee, officer, or committee member of the Association."  We conclude that there is sufficient credible evidence in the record to support this finding.

Plaintiffs also assert that Section 16 of the Association Master Deed entitles them to indemnification.  Similar to Section 9.02, this provision permits indemnification of a board member unless they are "adjudged guilty of willful misfeasance or malfeasance and/or gross negligence."  After a review of that provision against the record before us, we conclude, like Section 9.02, Section 16 does not indemnify plaintiffs for their bad faith and wrongful and willful conduct.  Finally, because the judge concluded plaintiffs were not entitled to attorneys' fees, we need not address if plaintiffs were a prevailing party or if the Greenbaum fees were reasonable.

Accordingly, we discern no abuse of discretion in the judge's denial of plaintiffs' request for attorneys' fees and costs as the court's finding that plaintiffs acted in bad faith and contrary to the terms of the By-Laws and Master Deed, was supported by substantial credible evidence in the record.  Packard-Bamberger & Co., 167 N.J. at 444; Diehl, 389 N.J. Super. at 455.  To the extent not addressed, plaintiffs' remaining arguments lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

14

A-1627-19